IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY JOE STUTZKA,<br>Conservator for Carol A. Gibilisco,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES WALTERS, d/b/a Prestige<br>Mortgage, and POPULAR FINANCIAL<br>SERVICES, L.L.C.,<br><br>Defendants. | CASE NO. 8:02CV72<br><br><br>MEMORANDUM AND ORDER ON<br>MOTION TO AMEND JUDGMENT |

Plaintiff Tommy Joe Stutzka, in his capacity as conservator for Carol Gibilisco, asks the Court to alter or amend the judgment in this case, arguing that he is entitled to judgment on his claims that the Defendant Popular Financial Services LLC, ("Popular") violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(b)(2), because Popular failed to provide Gibilisco with a good faith estimate of the disclosures within three days of receiving the loan application and because the loan closing documents were never delivered to Gibilisco. Defendant filed no response to the Plaintiff's motion to amend the judgment.

Plaintiff contends that Popular's expert witness and Walters testified that Gibilisco did not receive the good faith estimates because only one set was prepared and that set was given to the McCarvilles. Had the good faith estimates been mailed to Gibilisco within three days of her receipt of the loan application or within three days of the loan closing, as Plaintiff argues is required by TILA, Gibilisco's family and friends would have discovered the good faith estimates, intervened, and the fraud perpetrated by the McCarvilles on Gibilisco would have been prevented.

In the Memorandum and Order granting summary judgment (Filing No. 367), I found that copies of the loan documents executed by Gibilisco were made available to her by the closing agent during the loan closing. Those loan documents included an amended good faith estimate. TILA requires that the disclosures be "delivered or placed in the mail" not later than three days after the creditor receives the loan application. The original loan application was prepared by Gibilisco's husband, Sam, who was deceased at the time of the closing, and by Cheri Nord-McCarville. After Sam Gibilisco's death, Walters did not obtain a new loan application from Gibilisco but only confirmed her desire to proceed with the loan. For that reason, when Mr. Walters delivered the original good faith estimate, he sent it to the McCarvilles only.

An amended good faith estimate was prepared at the closing, and a copy of that document, along with the other closing documents, was provided to Gibilisco at the closing. The statute requires delivery of the good faith estimate, and I have found that delivery of the amended good faith estimate occurred. For these reasons, I will deny this part of the motion.

Related to the first argument is the Plaintiff's second argument that the Court erred in finding that copies of the loan documents executed by Gibilisco at the closing were actually delivered to Gibilisco. Plaintiff argues that Gibilisco testified that she never received the documents. I concluded that copies of the loan documents were provided to Gibilisco by the closing agent, Kelly Dalberg. While there was conflicting evidence on this matter, the Plaintiff, who has the burden of proof on the issue, failed to show by a preponderance of the evidence that the Defendants failed to provide copies of the disclosures to Gibilisco at the closing. In the Memorandum and Order, I found that the

greater weight of the evidence supported a finding that copies of the closing documents were made for Gibilisco and delivered to her at the time of the closing.  Although Plaintiff notes that the closing agent could not recall specifics of this closing in great detail several years after the fact, the business routine that she described in preparing for and performing residential loan closings was strong evidence that the documents had been delivered to Gibilisco.  Dalberg's testimony was corroborated by the testimony of Plaintiff's expert, Jeff Rothlisberger, who testified that revised good faith statements are routinely sent out by a lender upon receipt of the closing documents from a mortgage broker.  (Tr. 613-14). Plaintiff had the burden of proof to demonstrate that the documents were not delivered to Gibilisco, and while I may believe that Gibilisco never had the opportunity to review the documents because of the actions taken by McCarville, I am not persuaded by a preponderance of the evidence that copies of the documents were not delivered to Gibilisco by the closing agent.  Walters and Popular satisfied these obligations under the statute, and the intervening acts of the McCarvilles cannot alter those facts.

Plaintiff also argues that it is law of the case that Gibilisco never received the closing documents, citing to the Eighth Circuit Court's opinion in reversing this Court on its grant of summary judgment in favor of Popular.  The Eighth Circuit stated:

> Because Gibilisco's Affidavit, at the very least, would have rebutted the presumption of delivery, the district court also erred in granting summary judgment on the TILA claims.  This is especially true given the district court's specific finding that Gibilisco was not given her copies of the closing documents.

(Filing No. 342 at 9). Following the trial, I found that, "After the closing, the McCarvilles drove Carol home.  Carol was not given her copies of the closing documents.  McCarville kept them."  (Filing No. 301, Findings of Fact and Conclusions of Law,  at 12, ¶55.)  The

Plaintiff relies on the Eighth Circuit Court's reference out of context. The statement was part of the Eighth Circuit Court's analysis concluding that the Plaintiff had provided sufficient evidence to rebut the legal presumption of delivery that was created by the presence of Gibilisco's signature on the loan documents and to support its conclusion that the Plaintiff had shown a genuine issue of material fact on the issue. After the trial, I determined, as reflected in the quotation from the Findings of Fact above-quoted, that the closing agent provided Gibilisco with "her copies," of the closing documents, but that the copies did not make it into her home because "McCarville kept them." That is the law of the case. The Eighth Circuit Court, in reversing this Court's grant of summary judgment on the TILA claims, did not alter that factual finding by its reference to it. Nor do I choose to alter that finding.

For all these reasons, the Plaintiff's motion to alter or amend will be denied in its entirety.

IT IS ORDERED:

The Plaintiff's Motion to Alter or Amend Judgment (Filing No. 369) is denied.
DATED this 28th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge