IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMMY JOE STUTZKA,<br>Conservator for Carol A. Gibilisco,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES WALTERS, d/b/a Prestige Mortgage, and POPULAR FINANCIAL SERVICES, L.L.C.,<br><br>Defendants. | CASE NO. 8:02CV72<br><br><br><br><br>ORDER GRANTING IN PART THE PLAINTIFF'S MOTION FOR ATTORNEY FEES<br>(AMENDED)* |

   This matter is before the Court on the Plaintiff's Application for Attorney Fees (Filing No. 371). The Application is supported by a brief, the amended Affidavit of Plaintiff's counsel James Polack (Filing No. 372), and the affidavits of attorneys Pamela A. Car (Filing No. 371-4) and William L. Reinbrecht (filing No. 371-5) who practice in the area of consumer protection. Plaintiff is seeking $103,274.45 in attorney fees associated with this case. The Defendant Popular Financial Services (hereafter "Popular" or "Defendant") objects to the amount sought in the Application, arguing that the extent to which the Plaintiff succeeded in the case against it is minimal compared to the extent to which the Plaintiff prevailed on other claims. In addition, the Defendant objects to the application because Plaintiff is seeking fees for work performed in wholly separate matters, sometimes in separate proceedings. For the reasons that follow, I conclude that because the Plaintiff prevailed on a TILA claim, he is entitled to an award of attorney fees, and I shall order the Defendant to pay to the Plaintiff attorney fees in the amount of $3,000.

---

* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

The general American rule is that the prevailing party may not recover attorney's fees absent an express provision of a contract or statutory authority. When Congress enacted TILA, the prevailing plaintiff was accorded the right to an award of a reasonable attorney fee in order to facilitate the private enforcement of the Act. *Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976); 15 U.S.C. § 1640(a)(3). Upon the finding of a TILA violation, an award of fees is mandatory, though the amount of the award lies in the discretion of the court. *Dryden v. Lou Budke's Arrow Finance Co.,* 661 F.2d 1186, 1191 and n.7 (8th Cir. 1981). *See also, Purtle v. Eldridge Auto Sales Inc*, 91 F.3d 797, 802 (6th Cir. 1996) *cert. denied*, 520 U.S. 1252.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorneys fees: 1) whether an award is appropriate; and 2) the value of the services rendered as determined by the "lodestar" method. *Id*. at 433. The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *Id*. A court must also consider whether an enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-04 (8th Cir. 1996).

With regard to the first *Hensley* consideration, the Court finds that the Plaintiff prevailed in his case against Popular. This Court awarded statutory damages to the Plaintiff in the amount of $200 based on the Defendant's failure properly to disclose the variable rate on the subject loan. Thus, the Court must determine a reasonable attorney fee award based on the professional services provided to the Plaintiff using the lodestar method.

---

* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

2

Citing *Hensley,* the Supreme Court in *Farrar v. Hobby,* stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" 506 U.S. 103, 114 (1992). The *Farrar* Court observed, "the "technical" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, [but] it does bear on the propriety of fees awarded. . .." *Id.* The Supreme Court encouraged courts to compare the amount of damages awarded to the amount of damages sought, to aid in the assessment of what is a reasonable fee under the circumstances of a particular case. *Id.* at 114-15. Having engaged in such a comparison and assessment, the *Farrar* Court acknowledged that a "court may lawfully award low fees or no fees." *Id.*

The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment"; and must be mindful that '[h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (*citing Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis original)). [1] This Court has stated:

> With respect to hours reasonably expended, that is ultimately a judgment for the court. The issue, however, "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Awarding Attorneys' Fees* at 24-25 n. 116 (*quoting Grant v.*

---

[1] Before Hensley, the so-called "Johnson factors" were the courts' primary guide in formulating awards. This Court has recognized that the Johnson factors should be considered as they bear on the calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir.1974). I have considered these factors in my analysis.

\* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

> *Martinez*, 973 F.2d 96, 99 (2nd Cir.1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993)). The Supreme Court made it clear that counsel are required to exercise billing judgment and that district courts are required to exclude from initial fee calculations hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work.  *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939-40.

*El Tabech v. Gunter*,  869 F. Supp. 1446, 1456 (D. Neb. 1994).  "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. . . .   [W]hen calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included. . . . " *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D. Neb. 2000).

The Plaintiff was represented by James Polack.  Mr. Polack is a 1995 graduate of Creighton University School of Law where he graduated cum laude. (Filing No. 372, Fee Affidavit).  He states that he has experience in real estate law and consumer law.  (*Id.* at ¶ 2).  At the commencement of the trial, however, Mr. Polack represented to the Court that he had minimal litigation experience.  His difficulties with submission of documents through the Court's electronic filing system also revealed a limited experience in the United States District Court.  With regard to the TILA issues involved in this case, I note that the work descriptions reveal that Mr. Polack did a fair amount of legal research on TILA which may indicate that his expertise is not in consumer credit and lending law.  For the vast majority of the work performed on this matter, Mr. Polack charged an hourly rate of $165, although that increased to $175 in 2006.  For the purposes of this application, I shall consider the rate of $165 per hour.

---

\* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

To show the reasonableness of this rate, Mr. Polack has attached the affidavits of Pamela Car and William Reinbrecht, both of whom practice in the area of consumer rights law and who have often appeared in this Court. They have provided their opinions that Mr. Polack's rate of $165 is reasonable for the type of work performed in this case, and that the time spent by Mr. Polack on this case was "necessary and important." Mr. Polack also states in the Fee Affidavit that the time and labor "required for research, discovery, drafting of motions, etc., is properly accounted for and was required to properly pursue the case," and that "the required matters could not have bee properly performed with less preparation." (Filing No. 372, Fee Affidavit at ¶ 6). Mr. Polack has attached invoices in the amount of $103,247.45, that include the date the work was performed and a description of the work performed on each date, and the amount of time each day billed to the Plaintiff. (*Id.* at Ex. A).

I have carefully considered the Fee Affidavit and Exhibit A, the invoice, and the affidavits of Car and Reinbrecht. I conclude that $165 per hour is a reasonable rate. However, I cannot conclude that the amount of time spent on the case was reasonable, particularly for an attorney charging at that rate. Also, I must recognize that most of the time expended by Mr. Polack was unrelated to the Plaintiff's TILA claim, and that the Plaintiff's success on the TILA claim was very limited.

The Plaintiff succeeded in obtaining rescission of the mortgage on the basis of Carol Gibilisco's failure to comprehend the contract that she executed. The Court's order of rescission came from its equitable power, and was in no way related to the Popular's violation of TILA. The Court also ordered that Carol Gibilisco repay the amount of the loan

---

* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

extended by Popular.  Plaintiff is not entitled to an award of attorney fees based on this equitable relief.

The TILA issues were presented to the Court on cross-motions for summary judgment following the appeal.  The Plaintiff's attorney spent time researching and investigating the TILA claims, and certainly some of the evidence adduced at the trial was necessary for the resolution of the cross-motions for summary judgment that were presented following the appeal.  However, the TILA claims were not complex.  The facts surrounding the mortgage and loan closing were straightforward.  While there were genuine issues of material fact that had to be determined by the Court to address the TILA claims, those findings of fact were made after the trial and were not appealed.

In reviewing the invoices, it is clear that the entire $103,247.45 cannot in justice be awarded to the Plaintiff.  Mr. Polack has included fees generated in connection with the preparation for and proceedings to establish Mr. Stutzka as Carol Gibilisco's conservator, his inquiries to the Nebraska Department of Banking, his representation of his clients' interests in the McCarvilles' bankruptcy proceedings, discovery related to the McCarvilles' criminal history, and much more that is wholly unrelated to the TILA violation that was claimed and proven.  Mindful of the *Farrar* Court's admonition that the degree of success is a critical factor, and noting that only $200 in statutory damages were awarded on the TILA claims, I conclude that an attorney fee award of $3,000 is reasonable under all the facts and circumstances of this case.  The amount of the award furthers the intention of Congress to facilitate private enforcement of these rights, but it does not award a windfall to an attorney.  The Plaintiff's success in obtaining rescission of the contract was significant, and Mr. Polack is certainly to be commended for providing important assistance

---

* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

6

to Carol Gibilisco, a client who was in great need of assistance and whose case most lawyers may not have considered "desirable." Regardless, I conclude that the attorney's fee for Mr. Polack's effort in obtaining rescission of the contract cannot be recouped under TILA.

IT IS ORDERED:

1. The Motion to Continue the Fee Claim (Filing No. 370) is moot;

2. The Application for Attorney's Fees (Filing No. 371) is granted in part and denied in part as follows; the Defendant Popular Financial Services shall pay to the Plaintiff an attorney fee in the amount of $3,000;

3. The Objection to the Plaintiff's Application for Attorney Fees (Filing No. 373) is granted in part and denied in part consistent with this Memorandum; and

4. The Objection to Plaintiff's Bill of Costs (Filing No. 378) is denied as moot, and the Defendant Popular Financial Services is ordered to pay costs in the amount of $150.00 as determined in Filing No. 379.

Dated this 30th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

* Amended to clarify that the fee application is asserted against, and payable by, Popular only.

7